UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEITH J. MITAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11-cv-01260-SEB-TAB |
| | ) | |
| GEORGE P. CLARK, in his individual capacity, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND/OR FOR RELIEF FROM JUDGMENT**

Now before the Court is Plaintiff Keith J. Mitan's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) and/or for Relief from Judgment and Order Pursuant to Fed. R. Civ. P. 60(b)(6) [Dkt. 76]. Because Plaintiff's motion was filed within twenty-eight days after the entry of judgment, it is properly considered as a Rule 59(e) motion. Fed. R. Civ. P. 59(e). Defendant George P. Clark, a Postal Inspector for the United States Postal Inspection Service, opposes Plaintiff's motion.

A motion to alter or amend the judgment under Rule 59(e) "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). It does not, however, "provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id.*

1

Moreover, a Rule 59(e) motion "may not be used to raise novel legal theories that a party had the ability to address in the first instance." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995), or "'to complete presenting [a party's] case' to the district court," *First State Bank of Monticello v. Ohio Cas. Ins. Co.*, 555 F.3d 564, 572 (7th Cir. 2009) (quoting *In re Reese*, 91 F.3d 37, 39 (7th Cir. 1996)).

      Here, Mr. Mitan argues that our September 16, 2021 Order Granting Defendant's Motion for Summary Judgment contains manifest errors of fact, namely: (1) that Inspector Clark believed when he seized Mr. Mitan's possessions from third party Deckard Partnership on October 1, 2009, that he was acting at the direction of the U.S. Attorney's Office and that those items were being voluntarily offered to the government; and (2) that, although Inspector Clark was aware that a grand jury subpoena had at one time been issued to the Deckard Partnership, he did not know whether the seized items were being turned over pursuant to the grand jury subpoena. Mr. Mitan argues that two email communications sent to Inspector Clark by Assistant United States Attorney Scott Cullen on September 30, 2009, the night prior to the seizure of Mr. Mitan's belongings, belie these facts.

      In the first email submitted by Mr. Mitan in support of his Rule 59(e) motion, AUSA Cullen informs Inspector Clark that, "Attached is a copy of the [grand jury] subpoena issued to Deckard Homes on 10/8/2008, in the event you need to reference it for any reason tomorrow. Safe travels." Dkt. 76-1. The second email was sent by AUSA Cullen one minute later and contains the grand jury subpoena as an attachment with the message, "Might help to actually attach the thing …." *Id.* According to Mr.

2

Mitan, these emails prove that Inspector Clark was aware that the seized items were being turned over pursuant to a grand jury subpoena, contradicting Inspector Clark's contention that he believed that employees of the Deckard Partnership had voluntarily contacted the U.S. Attorney's Office and offered the seized items to the government. Mr. Mitan asserts that the Court must amend its judgment under Rule 59(e) to deny Inspector Clark's motion for summary judgment because these emails "verify that the [grand jury] subpoena remained significant to the U.S. Attorney's Office at the time of the seizure (indicating a lack of consent [to the seizure])." Dkt. 78 at 2, 3.

There can be no dispute that Defendant produced these emails to Plaintiff as part of discovery, as evidenced by the Bates number on the lower-right corner of each document, and that Inspector Clark's motion for summary judgment directly addressed the fact that a grand jury subpoena had been issued to the Deckard Partnership approximately one year prior to the seizure at issue in this case. We are therefore unaware of any reason that Mr. Mitan could not have presented these emails and his related arguments to the Court prior to the judgment, and, in fact, Mr. Mitan has failed to provide any explanation for such failure in his Rule 59(e) motion. As discussed previously, it is well-established that a party cannot raise arguments on a Rule 59(e) motion "that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876.

In any event, a review of these emails, which establish only that Inspector Clark was aware of and had in his possession a copy of the grand jury subpoena at the time Mr. Mitan's possessions were seized, reveals no basis on which to alter the judgment as they

3

do not contradict any portion of Inspector Clark's testimony on which we relied in our September 16, 2021 Order or otherwise reveal any manifest error of fact or law in that Order.  Inspector Clark testified that he did not have any discussions with Deckard Partnership employees regarding the grand jury subpoena and had no reason to know "one way or the other" whether the Deckard Partnership was turning over the documents pursuant to that subpoena; he knew only that the Deckard Partnership had "interacted with [AUSA Cullen] regarding this" and that "there had been a subpoena issued."  Clark Dep. at 41–49.  This testimony in no way is inconsistent with AUSA Cullen's statement to Inspector Clark in the emails that he had attached the grand jury subpoena only "in the event" that Inspector Clark "need[ed] to reference it for any reason …."  Dkt. 76-1 at 2–5.  Because the arguments of Plaintiff exceed the proper scope of Rule 59(e) relief and the emails tendered by Plaintiff, even when considered, provide no basis for such relief, Plaintiff's motion is DENIED.

       IT IS SO ORDERED.

Date: _____4/18/2022_____

_signature: Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEITH J. MITAN
PO Box 251597
West Bloomfield, MI 48325-1597


Holly M. Harvey
BUNGER & ROBERTSON
hmharvey@lawbr.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
tom.kieper@usdoj.gov

J. Taylor Kirklin
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
taylor.kirklin@usdoj.gov

John W. Richards
BUNGER & ROBERTSON
jwr@lawbr.com